# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LOU PARKER AS THE TRUSTEE OF THE**
**MELBA W. PARKER REVOCABLE TRUST**                                    **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 5:12CV11-DCB-RHW**

**UNITED STATES OF AMERICA et al**                                    **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on Plaintiff's Motion for Summary Judgment [**docket no. 25**] and Defendant's Motion for Summary Judgment [**docket no. 54**] and Motion to Strike Response in Opposition to Motion for Summary Judgment [**docket no. 61**]. Having carefully considered these Motions, the Parties' opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Procedural History and Relevant Facts

Defendant Mississippi Farm Bureau Casualty Insurance participates in the Government's Nation Flood Insurance Policy ("NFIP") Write-Your-Own ("WYO") program through which it is authorized to issue Standard Flood Insurance Policies ("SFIPs"). Plaintiff Lou Parker applied with Farm Bureau for a SFIP in connection with a federally-backed mortgage and loan taken out on May 5, 2011, and pursuant to the applicable federal regulation, 44 C.F.R § 61.11, the policy became effective on the date of the loan. Shortly thereafter, on or about May 17, 2011, Parker's property was

flooded. Parker submitted a claim for damages to Farm Bureau under the SFIP, and Farm Bureau denied the claim based on an exclusion in Parker's policy. Pursuant to 44 C.F.R. § 62.20, Parker appealed Farm Bureau's determination to the Federal Emergency Management Agency ("FEMA"), and FEMA upheld Farm Bureau's decision, communicating its decision to the Plaintiff by letter dated October 14, 2011. Following a denial of his appeal, Plaintiff filed suit in this Court on January 17, 2012 against Farm Bureau and the United States. Parker agreed to dismiss the United States on the basis of sovereign immunity on May 5, 2012. See Agreed Order, docket no. 18. Farm Bureau is now the only Defendant before the Court.

## II. Summary Judgment Standard

Summary judgment is apposite "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 252. Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

### III. Analysis

**A. Review of the Parties' Motions**

The Motions filed by the Parties document the evolving nature of the present dispute. A brief review of the various arguments presented in these Motions will clarify the dispositive issues presently before the Court.

Parker, who filed his Motion for Summary Judgment first, initially argues that the issue before the Court was simply a matter of applying established rules of insurance policy construction. See Pl.'s Br. at 3-7, docket no. 26. Specifically, he claims that Farm Bureau wrongly interpreted and applied an ambiguous exclusionary clause in the SFIP to deny his claim and asks the Court to construe the clause in his favor. Id. at 8. Further, he argues that even if Farm Bureau's application of the exclusionary clause was correct, Farm Bureau should be estopped from asserting this clause because its agent issued the policy knowing that claims made under the policy would be excluded pursuant to this clause. Id. at 8-10. To emphasize this point, Parker implies that Farm Bureau acted in bad-faith and committed fraud by issuing a policy to Parker that it had no intention of honoring.

In response and in its Motion for Summary Judgment, Farm Bureau counters that the interpretation of Parker's SFIP pertains to the issuance of federal funds and is a matter of federal law. See Def.'s Br. at 8-12, docket no. 55. As to how these observations apply, Farm Bureau first contends that Parker did not comply with the SFIP Proof of Loss requirement and therefore his suit is procedurally barred. Id. at 12-18. Second, Farm Bureau argues that Parker's interpretation of the exclusionary clause is not tenable under federal law. Id. at 19-20. Finally, Farm Bureau argues that

Parker's extra-contractual state law claims are preempted because Parker is charged with a knowledge of the applicable federal rules and regulations, regardless of whether a Farm Bureau agent misrepresented his SFIP policy. Id. at 20-22.

*3. Defendant's Motion to Strike*

In response, Parker does not attack the Defendant's arguments directly but argues that his claims against Farm Bureau for "bad faith" and misrepresentation arise from the *procurement* of the policy, as opposed to the *handling* of the policy. This distinction is notable because it substantially shifts the debate from whether Parker's policy claim was properly denied—which was Parker's initial argument for summary judgment—to whether Farm Bureau can be liable for actions undertaken when issuing the SFIP. It is for this reason that Farm Bureau moves to strike Parker's response. Farm Bureau contends that the allegation that it misrepresented information in conjunction with the procurement of the SFIP policy is a new theory of the case. Accordingly, it argues that Parker should not be able to advance this theory at this "late stage" in the litigation.

**B. Issues Before the Court**

Both Parties, then, through the evolution of their arguments, appear to have settled into the understanding that (1) Farm Bureau's denial of Parker's claim for loss under the policy is governed by federal law and was proper but (2) to the extent that

5

Parker has pleaded state-law claims related to the procurement of his policy, those claims are not subject to federal law and would survive the Defendant's Motion for Summary Judgment. Regardless of whether the Parties have reached this understanding, the Court finds that the issue raised in the "Motion to Strike," i.e., whether Parker's procurement argument is pleaded in his Amended Complaint, is the dispositive issue before the Court. But before the Court addresses that issue, it will quickly explain why any claims for loss made pursuant to Parker's policy must be dismissed.

*1. Parker's Handling Claim Is Procedurally Barred*

Farm Bureau correctly argues that Parker's claim for loss under the policy is procedurally barred. Parker's SFIP, which pursuant to federal law is consistent with all SFIPs issued under the NFIP, see 44 C.F.R § 61.13(d), provides that the insured has sixty days after the loss claimed to submit a sworn proof of loss statement. SFIP Policy Art. VII.J.4., Def.'s Ex. 4; see also 44 C.F.R Pt. 61, App. A(1). The Fifth Circuit has stated that this requirement is "strict," Richardson v. Am. Bankers Ins. Co. of Florida, 279 F. App'x 295, 298 (5th Cir. 2008), and has more than once affirmed dismissal of a plaintiff's suit to recover for loss under a SFIP because the plaintiff failed to comply with this requirement.[1] E.g., Marseilles Homeowners Condo. Ass'n v. Fid. Nat.

---

[1] Additionally, the first article of the SFIP provides that compliance with its terms and conditions is a condition to payment for direct physical loss. SFIP Policy Art. I.2, Def.s' Ex. 4; see

Ins. Co., 542 F.3d 1053 (5th Cir. 2008), aff'g, 2007 WL 2363141 (E.D. La. Aug. 15, 2007). It is undisputed that Parker failed to comply with this requirement, and therefore Parker's claim of loss arising out of Farm Bureau's application of the SFIP's exclusionary clause must be dismissed.

As for Parker's attempt to circumvent this result by maintaining that Farm Bureau, not FEMA, will be the ultimate payor if the Court allows him to proceed with his policy claim, Pl.'s Reb. Br. at 9-10, docket no. 60, Parker ignores the handling versus procurement distinction that he raises in other parts of his brief in order to avoid summary judgment. Initially, Parker correctly states that the Fifth Circuit has distinguished between handling claims, which are governed by federal law, and procurement claims, which can be regulated by state law. Campo v. Allstate Ins. Co., 562 F.3d 751, 754 (5th Cir. 2009). But Parker overlooks the fact that his attempt to recover funds through enforcement of the policy's terms is a handling-related claim. See SFIP Policy Art. XI, Def.s' Ex. 4 ("This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by [federal law]"). Moreover, Farm Bureau is correct that claims paid pursuant to the policy, i.e., handling-related claims, are ultimately paid from federal funds. Campo, 562 F.3d at 758 ("Suits related to handling, or claims adjustment, generally seek money

---

also 44 C.F.R. Pt. 61, App. A(1).

7

that will ultimately be disbursed from federal funds . . . . In contrast, FEMA does not reimburse carriers for procurement-related judgments."); see also Wright v. Allstate Ins. Co., 415 F.3d 384, 387-88 (5th Cir. 2005). In sum, the sixty-day proof-of-loss requirement is enforceable under federal law, but it is also a procedural requirement that Parker must satisfy in order to recover based upon his theory that Farm Bureau, through FEMA's direction, misinterpreted and misapplied the policy's exclusionary clause. Because Parker did not meet the policy's procedural requirement, he may not recover pursuant to the policy's terms.[2]

*2. Parker's Procurement-Related Theory Is Viable But Is Not Pleaded in His Amended Complaint*

But state-law claims against Farm Bureau for actions related to the policy's procurement are theoretically viable. Campo, 562 F.3d at 756. Therefore, the final potentially dispositive issue is whether Parker has pleaded procurement-related state law claims. As a consequence of the Parties' shifting arguments, Farm Bureau's Motion to Strike has transformed into briefing on whether Parker has properly pleaded bad faith and misrepresentation claims related to the policy's procurement and whether he needs to and should be allowed to amend his Amended Complaint in order to proceed with

---

[2] Moreover, the Court need not address Parker's estoppel theory, although it notes that, where his attempt to hold FEMA to its own interpretation of a "loss in progress" may have some merit, see Cummings v. Omaha Prop. & Cas. Ins. Co., 51 F.3d 1043 (5th Cir. 1995), his estoppel theory has been rejected by the Fifth Circuit. Wright, 415 F.3d at 387-88.

8

these state-law causes of action.[3] Farm Bureau, via its "Motion to Strike," asks the Court to treat Parker's briefing as a motion to amend. See Sherman v. Hallbauer, 455 F.2d 1236, 1242 (5th Cir. 1972). Parker's present position is that he has properly pleaded a procurement-related claim and therefore does not need to amend his Amended Complaint. See Pl.'s Resp. Br. at 5, docket no. 65.

After carefully reading the Amended Complaint's facts and construing those facts in Parker's favor, the Court finds that Parker has indeed pleaded facts that suggest that Farm Bureau may have some liability related to the policy's procurement under state-law theories. That much is clear. In the "bad faith" section in his Amended Complaint, Parker states that "Farm Bureau and FEMA accepted Parker's premium with no intention of providing coverage for flood damages that may be associated with the rising levels of the Mississippi River as of May 5, 2011." Am. Compl. ¶ 15. Based on this allegation, the Court could infer that Farm Bureau or its agent could have some liability for actions taken related to Parker's decision to purchase the policy. Further, Parker is correct that he has consistently advanced his theory that Farm Bureau or its agent knew that the claim would be denied and still issued the SFIP.

---

[3] It is uncertain what causes of action Parker is asserting, although the dispute between the parties appears to be whether Parker has made a "bad-faith" and misrepresentation allegation. The Court will focus on the misrepresentation claims because they are briefed by the Parties.

But the Court agrees with Farm Bureau that Parker's legal distinction between policy procurement and policy handling appears to be recently formed. It would be difficult for Farm Bureau to ascertain from the Amended Complaint whether Parker intended to pursue a state-law theory of recovery in addition to the policy-interpretation argument dismissed above. Nowhere, for instance, does the Amended Complaint mention the words "negligent" or "misrepresentation." Nor does the Amended Complaint list the specific causes of actions he is pursuing against Farm Bureau, which is the typical format of a complaint. While Parker may have laid the factual groundwork for potential liability related to the policy's procurement, he did not indicate to Farm Bureau or this Court that he is seeking relief under state law until his brief in response to Farm Bureau's summary judgment motion. That is, while Parker clearly uses the facts surrounding his purchase of the SFIP to support his summary judgment argument that his claim for loss was wrongfully denied, until his response to Farm Bureau's Motion for Summary Judgment he has not even hinted that he is attempting to collect from Farm Bureau under state law theories of liability for its role in selling him the policy. Even Parker's bad-faith allegation pertains to the merits of the policy's denial and not the actions taken by State Farm when it issued the policy.

Be that as it may, the Court will not dismiss Parker's procurement-related claims as Farm Bureau requests. See Def.s' Br.

at 9, docket no. 62 (asking the Court to dismiss Parker's claims by applying the Fifth Circuit's four-part test set out in S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003)). Briefly applying the four-part test for amending a complaint out of time, first, while Parker has not asked to amend, his belief that an amendment is not necessary explains why he has not moved to amend. Second, allowing an amendment is not just important to Parker's case, it is critical to its survival. Third, Farm Bureau would not be prejudiced if the Court allowed Parker to amend. This case is just over a year old and discovery concluded only recently. Farm Bureau's ability to defend against Parker's procurement-related allegations will not be hampered by the unavailability of witnesses or other evidence. Moreover, if any additional discovery is necessary, it should be minimal. Parker has already testified to the circumstances surrounding the policy's procurement, see generally Parker Depo., docket no. 54-5, and so has Richard "Jackie" Jenkins, the agent who wrote the SFIP. See generally Jenkins Depo., docket no. 54-6. Fourth, any prejudice Farm Bureau believes it will suffer can be remedied by allowing it additional time to defend Parker's newly-stated claims.

Finally, although Farm Bureau in its "doctrine of futility" portion of its brief makes a convincing case against Parker's potential for success on his procurement-related claims, see Bull v. Allstate Ins. Co., 649 F. Supp. 2d 529, 542 (W.D. La. 2009),

Fifth Circuit precedent clearly establishes that procurement-related claims premised on state law are viable—at least theoretically. Campo, 562 F.3d at 754. The Court is not inclined to address the merits of Parker's procurement-related claims without allowing him the opportunity to fully brief this issue. True, Parker did have the opportunity to dispute some of Farm Bureau's legal arguments in its brief in response to the "Motion to Strike," but much of Parker's response was devoted to whether a motion to strike was the proper mechanism for obtaining the relief Farm Bureau sought. The interests of justice are best served by giving Parker the opportunity to litigate his procurement-related claims. At this relatively early stage of the litigation, that opportunity is best presented by allowing Parker to amend and clearly state the state law claims that he believes arise out of the policy's procurement.

Parker, however, is the master of his complaint, and his present position is that it does not need amending. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). The Court will allow Parker the option of amending his complaint to state any state law claims he believes may lie against Farm Bureau related to the procurement of his policy. If Parker does not amend, his case will be dismissed. If Parker amends, the Defendant will have the opportunity to answer or file a dispositive motion on these claims as provided by the Federal Rules of Civil

Procedure, and it will be provided the opportunity to engage in limited discovery on these claims if necessary.

### IV. CONCLUSION

**IT IS THEREFORE HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment [**docket no. 25**] is **DENIED. IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [**docket no. 54**] is **GRANTED.** That is, Defendant's Motion is granted to the extent that it dispenses with Plaintiff's handling-related claims, which include all claims arising under federal law. **IT IS FURTHER ORDERED** that Defendant's Motion to Strike [**docket no. 61**] is **DENIED.** Finally, **IT IS FURTHER ORDERED THAT** the Plaintiff has thirty (30) days from the entry of this Opinion and Order to amend his Amended Complaint. If the Plaintiff chooses to amend, the Parties are instructed to confer with Magistrate Judge Parker in an effort to amend the Case Management Order consistent with this opinion.

So **ORDERED,** this the 26th day of March, 2013.

                                      /s/ David Bramlette
                              **UNITED STATES DISTRICT COURT**